UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REILS FINANCE SPV,

           Plaintiff,

- against -

ROBERT W. CLIPPINGER, not in his individual capacity but as Trustee of the ROBERT W. CLIPPINGER LIVING TRUST, and ROBERT W. CLIPPINGER, in his individual capacity,

           Defendants.

**DEFAULT JUDGMENT**

23 Civ. 6799 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        The Complaint in the instant action was filed on August 3, 2023. (Dkt. No. 1)

        The Complaint alleges that Plaintiff brought a prior action in this District against CIP 1300 U Street Owner, LLC (the "Borrower") and Defendant Clippinger related to the Borrower's "breach of contract arising from Borrower's default on its obligations to REILS under certain loan documents under which REILS extended a loan to Borrower in the original principal amount of $4,600,000." (Cmplt. (Dtk. No. 1) ¶ 10) Defendant was alleged to be the guarantor of the Borrower's loan. (Id. ¶ 11) On February 1, 2023, Judge Furman "entered judgment against, jointly and severally, Borrower and Mr. Clippinger . . . in the amount of $6,134,031.45, plus interest at the rate of 9% from October 3, 2022." (Id. ¶ 12; see Cmplt., Ex. A, Feb. 1, 2023 Judgment (Dkt. No. 1-1))

On February 23, 2023, Plaintiff and Defendant – both in his individual capacity and in his capacity as Trustee for the Robert W. Clippinger Living Trust – entered into a forbearance agreement in which Plaintiff

> agreed to refrain from exercising its rights as to execution on the Judgment so long as, among other things, Borrower satisfied certain obligations under additional ancillary documents executed by and between, among others, Borrower and other third parties, including a certain February 10, 2023 Purchase and Sale Agreement and a certain February 22, 2023 Development Agreement.

(Id. ¶¶ 13-14) The forbearance agreement states that "[the Trust] irrevocably and unconditionally guarantees to [REILS] the full payment of the Judgment, subject to the terms of this [Forbearance] Agreement, and hereby waives, subject to the terms of this [Forbearance] Agreement, all defenses it may have to such guarantee, whether as a surety or otherwise, other than the defense of actual payment. . . ." (Id. ¶ 15; see Cmplt., Ex. B, Forbearance Agreement (Dkt. No. 1-2))

The Complaint in the instant action alleges that the judgment entered in Judge Furman's case has not been satisfied. (Id. ¶ 12) Plaintiff further alleges that (1) "Borrower is in default on its obligations under the Forbearance Agreement arising from, among other things, its defaults under the Ancillary Agreements, and all applicable cure periods have expired as of the date of commencement of this action" (id. ¶ 17); and (2) "[t]he Trust has defaulted on its obligations under the Forbearance Agreement by failing or refusing to satisfy Borrower's obligations as to the satisfaction of the Judgment to REILS." (Id. ¶ 19)

Defendants were served with the instant Complaint on August 25, 2023. (Affs. of Service (Dkt. Nos. 9-10))

Defendants have not filed an answer, moved against the Complaint, or appeared in this action. The Clerk of Court issued a certificate of default as to Defendants on September 20, 2023. (Dkt. No. 13)

Plaintiff moved for a default judgment on October 13, 2023. (Dkt. Nos. 14-17)

On April 16, 2024, this Court ordered Defendants to show cause why a default judgment should not be entered against them, and set a default hearing for April 30, 2024. (Dkt. No. 21)

Defendants have not responded to the order to show cause, and did not appear at the April 30, 2024 hearing.

In a May 6, 2024 letter, Plaintiff asserts that – as of April 30, 2024 – it is entitled to a judgment in the amount of $6,671,789.35 against Defendant in his capacity as Trustee for the Robert W. Clippinger Living Trust, calculated as the sum of (1) $6,134,031.45 (representing the amount of the February 1, 2023 judgment); (2) $181,500.10, reflecting pre-judgment interest awarded in the February 1, 2023 judgment at a rate of 9.00%, as accrued from October 3, 2022 through February 1, 2023; and (3) $356,257.80, reflecting post-judgment interest on the February 1, 2023 judgment at the statutory rate of 4.69%, as accrued between February 1, 2023 and April 30, 2024. (Pltf. May 6, 2024 Ltr. (Dkt. No. 23) at 2) Plaintiff also states that it wishes "to dismiss the claim against Robert W. Clippinger in his individual capacity without prejudice and waive attorney's fees presently incurred in connection with the judgment against the Trust." (Id. at 1)

For the reasons stated at the April 30, 2024 hearing, a default judgment in the amount of **$6,134,031.45** is entered against Defendant Robert Clippinger in his capacity as Trustee for the Robert W. Clippinger Living Trust. The Court also grants an award of (1) pre-

judgment interest on the February 1, 2023 judgment in the amount of **$181,500.10**, calculated at the rate of 9%, as accrued between October 3, 2022 and February 1, 2023, and (2) post-judgment interest on the February 1, 2023 judgment in the amount of **$356,257.80**, calculated at the rate of 4.69%,[1] as accrued between February 1, 2023 and April 30, 2024.

The Clerk of Court is directed to close this case.

Dated: New York, New York
       May 17, 2024

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge

---

[1] 28. U.S.C. § 1961(a) provides that the rate of post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." This Court find that 4.69% constitutes the "weekly average 1-year constant maturity Treasury yield" for the calendar week preceding the February 1, 2023 judgment.

4